UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Tim Mackey and John Nesse as Trustees of the
Minnesota Laborers Pension Fund and their
successors,

        Plaintiffs,

vs.

Valley Concrete Construction, Inc.,

        Defendants.
_____

Civ. File No. _____

**COMPLAINT**

Plaintiffs, for their Complaint against Defendant, state and allege as follows:

## NATURE OF THE ACTION

1.    Plaintiffs bring this action under Sections 502(a)(3) and 4301(a) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1451(a), to collect a judgment for unpaid withdrawal liability, liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

2.    The Fund re-alleges and incorporates by reference paragraph 1 herein.

3.    This Court has jurisdiction over this action pursuant to Sections 502 and 4301 of ERISA, 29 U.S.C. §§ 1132 and 1451.

4.    Venue is proper in this Court pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), because the Minnesota Laborers Pension Fund ("Fund") is administered in the District of Minnesota at 3001 Metro Drive, Suite 500, Bloomington, Minnesota, 55425.

1

## IDENTITY OF THE PARTIES

5. The Fund re-alleges and incorporates by reference paragraphs 1-4 herein.

6. The Fund is a Taft-Hartley trust fund with trustees equally represented by labor organizations affiliated with the Laborers' District Council of Minnesota and North Dakota and employers that contribute to the Fund. The Fund is established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5).

7. The Board of Trustees of the Fund is the plan sponsor of the Fund which is an employee pension benefit plan within the meaning of Section 3(2) and (3) of ERISA, 29 U.S.C. § 1002(2) and (3), and a defined benefit plan within the meaning of Section 3(35) of ERISA, 29 U.S.C. § 1002(35). The Fund is established and maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries.

8. The Fund is a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37), and is authorized to commence this action under Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).

9. Plaintiffs Tim Mackey and John Nesse are Trustees and fiduciaries of the Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

10. Defendant Valley Concrete Construction, Inc., ("Valley Concrete") is a Minnesota business corporation with a registered address of 7755 Leeward Ave.,

Stillwater, MN 55082.  Valley Concrete is an employer within the meaning of Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. § 1002(5), (11), and (12), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

## **FACTS**

11. The Fund re-alleges and incorporates by reference paragraphs 1-10 herein.

12. John Heinlein Construction was a masonry contractor that was bound to a series of collective bargaining agreements negotiated between the Metropolitan Builders Division of the Associated General Contractors of Minnesota and the Minnesota Concrete Masonry Contractors Association and the Laborers District Council of Minnesota and North Dakota on behalf of its affiliated local Unions.

13. John Heinlein Construction was owned and controlled by John Heinlein ("Heinlein").

14. On April 30, 2008, John Heinlein Construction permanently ceased to have an obligation to contribute to the Fund.  However, after April 30, 2008, John Heinlein's employees continued to perform work covered by the collective bargaining agreement.

15. Upon information and belief, John Heinlein Construction transferred its business operations to Defendant Valley Concrete, Inc.

16. On October 28, 2011, the Fund personally served John Heinlein Construction with an assessment of withdrawal liability.

17. John Heinlein Construction did not respond to the assessment of withdrawal liability and did not submit any quarterly payments.

18. On December 13, 2013, the Trustees obtained a judgment for unpaid withdrawal liability, interest, and attorneys fees and costs, against John Heinlein Construction in the amount of $290,661.43.

19. John Heinlein Construction sold all of its assets to Heinlein.

20. Heinlein then sold all of John Heinlein Construction's assets to the Defendant Valley Concrete, Inc.

21. Defendant Valley Concrete, Inc. is a masonry contractor principally owned by Heinlein.

22. Upon information and belief, Valley Concrete, Inc. performs work covered by the CBAs.

23. Upon information and belief, Valley Concrete, Inc. employs some or all of the same employees as John Heinlein Construction.

24. Upon information and belief, Valley Concrete, Inc. has operated out of the same office space that John Heinlein Construction operated out of.

25. Upon information and belief, Valley Concrete, Inc. uses some or all of the same equipment used or owned by Valley Concrete, Inc.

26. Upon information and belief, there is no substantial difference between the type of business conducted by Valley Concrete, Inc. and that previously conducted by John Heinlein Construction.

27. Upon information and belief, here is no difference between the geographical area or customer base served by Valley Concrete, Inc. and that previously served by John Heinlein Construction.

28. Upon information and belief, Valley Concrete, Inc. and John Heinlein Construction shared common ownership.

29. Upon information and belief, funds were frequently transferred between John Heinlein Construction and Valley Concrete, Inc.

30. Upon information and belief, Valley Concrete, Inc. and John Heinlein Construction cross-collateralized loans.

31. Valley Concrete, Inc. is not bound to any CBA requiring contributions to the Fund.

## COUNT I
## BROTHER-SISTER CONTROLLED GROUP LIABILITY

32. The Fund re-alleges and incorporates by reference paragraphs 1-31 herein.

33. John Heinlein Construction and Valley Concrete, Inc. were in existence at the time John Heinlein Construction ceased having an obligation to contribute to the Fund.

34. Upon information and belief, at the time that John Heinlein Construction ceased having an obligation to contribute to the Fund, John Heinlein Construction and Valley Concrete, Inc. were owned and controlled by the same individual(s), and as such, the businesses were under common control.

35. John Heinlein Construction and Valley Concrete, Inc. are both trades or businesses, as the primary purpose for each entity was/is for income and/or profit.

36. John Heinlein Construction and Valley Concrete, Inc. form a control group as defined by ERISA Section 4001(b)(1), 29 U.S.C. § 1301 and as such, should be treated as a single employer.

## COUNT II
## FEDERAL COMMON LAW SUCCESSOR LIABILITY

37. The Fund re-alleges and incorporates by reference paragraphs 1-36 herein.

38. Valley Concrete, Inc. had notice of the withdrawal liability of John Heinlein Construction.

39. There has been a substantial degree of continuity of operations between Valley Concrete, Inc. and John Heinlein Construction.

40. Valley Concrete, Inc. is a successor to John Heinlein Construction and as such is liable for John Heinlein Construction's debts, including withdrawal liability.

## COUNT III
## ALTER EGO LIABILITY

41. The Plaintiffs re-allege and incorporate by reference paragraphs 1-39 herein.

42. John Heinlein Construction and/or its owners and shareholders exercise control over Valley Concrete, Inc..

43. John Heinlein Construction and Valley Concrete, Inc. do not have an independent existence from each other.

44. Transactions between John Heinlein Construction and Valley Concrete, Inc. have not been at arm's length.

45. John Heinlein Construction and/or its owners and shareholders operate Valley Concrete, Inc. to avoid obligations to the Plaintiffs.

46. John Heinlein Construction and/or its owners and shareholders operate Valley Concrete, Inc. to perpetuate a fraud.

47.     Valley Concrete, Inc. is the alter ego of John Heinlein Construction and as such is liable for its debts.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request judgment in favor of the Plaintiffs and against Defendant Valley Concrete:

1.     A judgment in the amount of $290,661.43 less any payments made hereafter on the judgment obtained against John Heinlein Construction.

2.     For such other and future relief as the Court deems just and proper.

Date: August 22, 2018                              McGRANN SHEA CARNIVAL
                                                   STRAUGHN & LAMB, CHARTERED


                                                   By  s/Christy E. Lawrie
                                                   Carl S. Wosmek (Atty. No. 300731)
                                                   Amy L. Court (Atty. No. 319004)
                                                   Christy E. Lawrie (Atty. No. 388832)
                                                   800 Nicollet Mall
                                                   Suite 2600
                                                   Minneapolis, MN 55402-7035
                                                   Telephone: (612) 338-2525
                                                   csw@mcgrannshea.com
                                                   alc@mcgrannshea.com
                                                   cel@mcgrannshea.com

                                                   *Attorneys for Plaintiffs*

790510.DOCX